## JEFFERSON ROBARDS *v.* ANN M. DAVIESS.

**Trusts—Note Given in Lieu of Dower.**

> Where a note is payable "to the order of Ann M. Daviess and the children of Thomas H. Daviess," and a deed to land in which Ann M. Daviess united recites that the note is payable to Ann M. Daviess and children in consideration of her relinquishment of dower in the land, and giving her power to reinvest the proceeds of the note in land for herself and children, the note or proceeds thereof were in trust for Ann M. Daviess and children, the profits going to Ann M. Daviess during her life and the principal to the children after her death according to the law of distribution.

APPEAL FROM MERCER CIRCUIT COURT.

October 25, 1873.

OPINION BY JUDGE PETERS:

The note sued on is made payable "to the order of Ann M. Daviess and the children of Theo. H. Daviess," and in the deed to the land in which Mrs. Daviess united, for one installment of which said note was executed, it is recited with care and par-

ticularity, that the note or debt payable to Ann M. Daviess and children "is in consideration of the said Ann M. Daviess relinquishing her right of dower in said premises; and said sum or debt is not to be subject to any debt of Theo. H. Daviess now owing or hereafter contracted; and the said Ann M. Daviess may invest said money in a house for herself and the children of said Theo. H. Daviess; and any place thus bought by said Ann M. Daviess may be, by said Ann, resold, and the proceeds re-invested on the same terms and conditions as above stated; but the property thus bought by Ann M. Daviess, or the money, or any interest in the same, shall never in any way or manner be divided or distributed than among the children of said Theo. H. and Ann, or the children of their children."

The deceased, after placing the money beyond the reach of the husband and his creditors, provides that Mrs. Daviess may invest in one way only, viz., "in real estate, in a house for herself, and the children of said Theo. H. Daviess." Her control is thus limited to the permanent investment of the money to one object, and that not to her benefit alone, but to that of the other beneficiaries named, in real estate which would be permanent, and exist when she should be gone; and then the disposition provided for "is the same that the law would make of the land if she could have had dower allotted therein." She would have held it only during her life, and then it would have passed to those for whom provision is made in the deed.

This deed was written by a lawyer, was evidently prepared with great care, and, as written, provides for all those who had the strongest claims on the grantor's bounty, first the wife for life, as we understand it, and then their children, with the privilege of the children to share the house with the mother in their minority. This, in our opinion, is the proper interpretation of the instrument; and the draftsman proves that it expresses the intention of the parties, and we see no grounds which will allow the beneficent purposes of the grantor to be frustrated.

For the foregoing reasons we can not concur with the court below in the judgment of November, 1872, adjudging to Mrs. Ann M. Daviess the whole of the debt sued for, and awarding her execution. But said judgment is reversed, on the appeal of the children of Theo. H. Daviess, viz., Larue Daviess and others, and also of Robards. For the same reasons the judgment of

May, 1872, is reversed and the cause remanded with directions that the court below appoint a trustee to collect the money due from appellant, Robards, to be held in trust for the benefit of Mrs. Ann M. Daviess and the children of her husband, Theo. H. Daviess, the money to be loaned out, and the interest or profits to be paid to Mrs. Ann M. Daviess during life, and at her death to go to the children named in the deed and their issue, according to the laws of distribution. As there may be interest accumulated on the debt, it should be first applied to the payment of the costs of this suit, including the costs in this court, and the residue paid over to Mrs. Ann M. Daviess; and if she desires the principal, or a part of it, to be invested in a house for herself and the children of Theo. H. Daviess, the court should allow it to be done by the trustees, with her approval.

*Kyle & Poston, for appellant.*

*C. A. and P. W. Hardin, T. C. Bell, Durham, for appellee.*